IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 4:22-cr-00692 RLW-JMB |
| v. ) | |
| ) | |
| CARL HART, ) | |
| ) | |
| Defendant. ) | |

**STIPULATION AND JOINT MOTION FOR ENTRY OF A
PROTECTIVE ORDER GOVERNING DISCOVERY**

COMES NOW the United States of America, and on behalf of the signatories below, pursuant to Federal Rule of Criminal Procedure 16(d), and moves the Court to issue a protective order based on the parties' stipulations and agreements regarding discovery outlined below and in support thereof states as follows:

1. Defendant Carl Hart is charged in the Indictment with three counts.

2. Count One charges Carl Hart with the willful deprivation of D.A.'s constitutional right to be free from unreasonable seizure, which includes unreasonable force, in violation of Title 18 U.S.C. § 242. Counts Two and Three charge Carl Hart with possession of child pornography, in violation of Title 18 U.S.C. § 2252A(a)(5)(B).

3. Defendant Carl Hart is represented by Attorney Michael Skrien and the investigative staff of his/her office.

4. The discovery to be provided by the government in this case includes sensitive information.  The sensitive information with regard to Count 1 includes but is not limited to: victim photos, witness statements (both inmates and corrections staff), non-witness identifying information, and identifying information generated during witness interviews. The unrestricted dissemination of this sensitive information could adversely affect the privacy interests of the

1

defendant, the victim, and/or third parties. The sensitive information in Counts 2 and 3 includes witness information, videos, and photos of the investigation. In compliance with federal law, no child pornography has been provided to defense counsel. If defense counsel wishes to view the child pornography evidence or the forensic disks, which may contain additional reports, we will arrange a mutually-agreeable time for that examination of the evidence in the United States Attorney's Office.

5. Federal Rule of Criminal Procedure 16 grants the Court power to regulate discovery through the entry of a protective order, allowing the Court "[a]t any time," and upon a showing of "good cause," to "deny, restrict, or defer discovery or inspection[.]" Fed. R. Crim. P. 16(d).

6. As an initial matter, the entry of the proposed protective order is consistent with Rule 16(d) because the discovery materials in this case implicate the privacy of the defendant and third parties, and a district court may limit discovery for good cause under Rule 16(d). *See* United States v. Lee, 374 F.3d 637, 652 (8th Cir. 2004). *See also*, United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass 2012). Moreover, disclosure of discovery materials beyond that permitted by the proposed protective order might compromise ongoing criminal investigations by revealing the details of uncharged criminal activity. *See* United States v. Dorfman, 690 F.2d 1230, 1233-34 (7th Cir. 1982); In the Matter of the New York Co. b. Biaggi, 828 F.2d 110, 115-16 (2d Cir. 1987).

7. Additionally, the discovery material in this case includes identifying information for individuals within the law enforcement community, the statements made by these individuals, as well as other information that could be used to identify the individuals and their families. The terms of the proposed protective order will allow law enforcement officials to investigate and protect, if necessary, the safety and wellbeing of individuals who are assisting with the government's investigation and who may be witnesses at trial.

8. Not only will the proposed protective order work to ensure witness safety and protect the privacy interests of the defendant and the victim, the protective order will also allow the government to engage in more fulsome discovery to the defendant at an earlier stage of the case (an obvious benefit to the defendant and his attorney). Ensuring that the discovery materials tendered by the government are not subject to unrestricted dissemination will allow the government to produce to the defendant materials that they are not entitled to under Rule 16 at this stage of the case.

9. In order to comply with Title 18, United States Code, Section 3509(d), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States requests that a Protective Order be entered limiting disclosure of all discovery pursuant to the following restrictions:

    a. The disclosed materials (discovery) will not be disseminated or disclosed to anyone who is not a part of the defense team as more fully described below.

    b. The disclosed materials (discovery) and information contained therein will not be used for any purpose other than in the defense of these criminal cases.

    c. Upon completion of the case, the materials and information will either be destroyed or returned to prevent any future disclosure.

10. The parties further request that the Protective Order limit who may obtain, review, and/or examine the materials so described under the conditions set forth, for the sole purpose of preparing the defense and for no other purpose, to the following individuals ("the defense team"):

    a. Counsel for defendant;

    b. Defendant, but only in the presence of his attorney;

    c. Secretarial, clerical, paralegal, investigator, students or other personnel employed full-time or part-time by defendant's counsel, provided such counsel

deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

d.   Experts or consultants who have been retained by defendant as necessary to allow them to perform the work for which they have been be retained or whose services are being considered by the defense team in order that the expert or consultant may decide whether to provide services to assist in the defense of this litigation; and

e.   Fact witnesses at trial or in preparation for their testimony, provided that defendant's counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order.

11.   The parties further request that the Protective Order provide that any disputes concerning the Protective Order be resolved by this Court only after counsel for the United States and the defendant have first conferred and attempted to resolve the dispute.

WHEREFORE, the parties respectfully move this Court to enter a Protective Order limiting the disclosure and usage of the discovery in these cases.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

DATED:   12/14/22

*/s/ Christine Krug*
CHRISTINE KRUG, #42586M0
Assistant United States Attorney

DATED:   12/14/22

*/s/Michael Skrien*
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

                                           */s/ Christine H. Krug*
                                           CHRISTINE H. KRUG #42586MO