IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 4:22-cr-00692 RLW-JMB |
| v. | ) | |
| | ) | |
| CARL HART, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>PROTECTIVE ORDER</u>**

Pursuant to the provisions of Federal Rules Criminal Procedure 16(d), the Court enters this Protective Order upon motion of the United States and the consent of the defendant, for the purpose of assuring the confidentiality of the information, material, and documents disclosed to the Defendant and his counsel in this case during the course of discovery and trial in this matter.

IT IS ORDERED, ADJUDGED AND DECREED that the following procedures will govern the production and/or use of such information, material, and documents in this action:

1. This Protective Order governs the treatment and handling of all information, material, and documents produced during the discovery proceedings in accordance with the Federal Rules of Criminal Procedure or any order of the Court in this matter, provided or disclosed by the United States to the Defendant or his counsel in this matter.

2. Any information, material, and/or documents produced during the discovery process in this case shall, pursuant to this Order, be used by Defendant and his counsel only for purposes related to this action and for no other purpose, under other restrictions as explained elsewhere in this Order, and under no circumstances, other than those specifically provided for in

1

this or a subsequent Order of this Court, shall Defendant or his counsel disclose it to persons or entities other than the following:

    a.    The Court and Court Personnel;

    b.    Government Counsel;

    c.    Defendant, but only in the presence of his attorneys;

    d.    Secretarial, clerical, paralegal, investigator, students or other personnel employed full-time or part-time by Defendant's counsel, provided such counsel deems the disclosure reasonably necessary for the preparation of the defense and/or conduct of this litigation;

    e.    Experts or consultants who have been retained by defendant as necessary to allow them to perform the work for which they have been be retained or whose services are being considered by the defense team in order that the expert or consultant may decide whether to provide services to assist in the defense of this litigation; and

    f.    Fact witnesses at trial or in preparation for their testimony, provided that Defendant's counsel deems the disclosure reasonably necessary to conduct this litigation and that no disclosure is made to persons outside the authorization of this Order;

    g.    Other persons upon order of this Court or upon stipulation with the United States.

Before any materials subject to this Protective Order are disclosed to the Defendant, counsel of record for Defendant shall sign and serve the "Acknowledgment of Protective Order and Consent for Disclosure," attached to this Protective Order as Exhibit A, on counsel of the

United States. Unless otherwise specified by counsel for the Government, service of the signed "Acknowledgement of Protective Order and Consent for Disclosure" may be completed by e-mail.

3. Counsel shall inform all persons or entities described in paragraph 2(c)-(g) to whom disclosure of discovery material is made of the existence and terms of this Protective Order and obtain an acknowledgment from them that they understand and will comply fully with the Protective Order.

4. All information, material, and documents disclosed during the discovery proceedings is subject to the provisions of this Protective Order unless the Parties otherwise agree by written stipulation.

5. In the event that counsel for any Party determines to file with or submit to this Court - by way of pleadings, motions, briefs, or other papers or submissions - any information, material or documents subject to this Protective Order, such counsel must make a motion in accordance with U.S. District Court-EDMO Local Rules 83-13.05 for permission from the Court to file or submit such material under seal.

6. If any Party objects to the designation of any information, material, or document as subject to this Protective Order, the objecting Party may notify the designating Party in writing at any time, but no later than twenty-one (21) days before the date of trial.  Within ten (10) days after service of any such notice, and after consultation and a good-faith effort to resolve the disagreement with the other Parties, either the designating or the objecting Party may apply to the Court for a ruling that the Confidential Material objected to shall (as applicable) be treated or not treated as subject to this Protective Order, and notice of such application shall be provided to the Party.  Until this Court enters an order determining the status of the material being objected to, such material shall be treated as protected as provided in this Order, unless the Parties otherwise

agree by written stipulation.

7. The United States does not waive any privilege or protection, including but not limited to the attorney-client privilege and the work-product protection, over the information, material, and documents disclosed in this matter. Fed. R. Evid. 502(d),(e),(g). The Parties shall follow Federal Rule of Criminal Procedure 16 in dealing with any privileged materials produced in discovery.

8. Within three (3) months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), the Defendant shall either return or destroy all materials subject to this Protective Order and all copies thereof. If the Defendant elects to destroy the copies, they shall submit a certification to the United States attesting that all copies were destroyed within fourteen (14) days of the destruction of the copies. Copies that contain markings constituting attorney work-product need not be returned or destroyed provided that they remain subject to the provisions of this Protective Order. All documents shall be kept in the possession of the Party to whom the document was produced, except in the limited circumstances described above.

9. Documents, information, or material that are inadvertently disclosed, may be retrieved by the United States at any time. Upon notice that the United States seeks retrieval, such documents, information, or material must be treated as if subject to this Protective Order and may only be used for the purposes and in the manner permitted by this Order.

10. This Order shall not: (a) prejudice in any way the right of the United States to object to the production of documents it considers not subject to discovery; or (b) prejudice in any way the right of the United States to seek a Court determination (i) whether discovery material should

be produced, or (ii) if produced whether such material should be subject to the terms of this Order; or (c) prejudice in any way the right of the United States to apply to the Court for a further protective order relating to any confidential material, information, or documents.

11.    This Order may be modified if the Parties to this Order agree to such modification in writing or if such modification is ordered by the Court.

12.    Any person may at any time move, on notice to all Parties, for modification of, or other relief from, this Order.

SO ORDERED:

_____
John M. Bodenhausen
United States Magistrate Judge