FILED

JAN 18 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. S-1 4:22 CR 692 RLW/JMB |
| v. ) | |
| ) | |
| CARL HART, ) | |
| ) | |
| Defendant. ) | |

## SUPERSEDING INDICTMENT

### COUNT ONE
### [18 U.S.C. §242]

### GENERAL ALLEGATIONS

The Grand Jury charges that:

At all times pertinent to Count I of this Indictment:

    1.    The Missouri Department of Corrections (DOC) is a governmental entity pursuant to the laws of the State of Missouri;

    2.    Among other functions, the DOC operates the Eastern Reception, Diagnostic and Correctional Center (ERDCC), which houses convicted offenders;

    3.    The ERDCC is staffed by corrections officers, among others;

    4.    Defendant CARL HART was employed by the DOC as a corrections officer at ERDCC;

    5.    Paragraphs 1-4 of the General Allegations are incorporated by reference in this count.

6.    On or about October 28, 2021, within the Eastern District of Missouri, the defendant,

**CARL HART,**

while acting under color of law, willfully deprived D.A. of the right secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment. In so doing, the defendant assaulted D.A. while D.A. did not pose a threat to anyone. This offense resulted in bodily injury to D.A.

In violation of and punishable under Title 18, United States Code, Section 242.

## COUNT II
## [18 U.S.C. §2252A(a)(5)(B)]

### GENERAL ALLEGATIONS

The Grand Jury charges that:

At all times pertinent to Counts II and III of this Indictment:

7.    Federal law defines the terms below as:

    (a)    "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b)    "sexually explicit conduct" to mean actual or simulated--

        (i)    sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

        (ii)    bestiality,

        (iii)    masturbation,

        (iv)    sadistic or masochistic abuse, or

        (v)    lascivious exhibition of the anus, genitals or pubic area of any

person (18 U.S.C. §2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

    (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

    (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

8. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

9. Between on or about April 21, 2018, and on or about June 29, 2022, within the Eastern District of Missouri and elsewhere,

**CARL HART,**

the defendant herein, did knowingly possess and did knowingly access with intent to view image files of child pornography in the "Unknown Nwo" Dropbox account that have been mailed, or shipped, or transported using any means and facility of interstate and foreign commerce and in or

3

affecting interstate or foreign commerce by any means, including by computer, including, but not limited to, the following:

    a. "27f6699c-3618-461e-9902-1e88c3f36cc3.jpg," a graphic image file that depicts, in part, a minor female in lascivious exhibition of her genitals and pubic area;

    b. "42bbf2d7-1785-44c3-8140-26343aff7bb4.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

    c. "61111b2d-ab18-469a-8374-95398f567165.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

    d. "920a914d-acf4-4feb-ac6b-b366a23eac18.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

    e. "a7f46677-34d7-40d0-8e65-ece78ce07992.jpg," a graphic image file that depicts, in part, a prepubescent minor female in a lascivious exhibition of her genitals and pubic area;

    f. "d3c77d09-12ae-4ca6-8d48-6d1c843f4ef0.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area;

    g. "e0171597-467c-40f1-8038-348c87ff857e.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

    h. "ed321f3b-a652-47b4-b389-066dbc6a948f.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

    i. "236b6269-bda2-4aea-9c34-031e58c48572.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

    j. "986a8385-589c-4604-b902-ac3bb696a5eb.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

    k. "a1b195a6-2e30-45c2-94e9-8c3a6455e4ba.jpg," a graphic image file that depicts, in

part, a male engaged in sexual intercourse with a minor female; and

l. "c1a917db-3af8-46c4-9a55-9f2fefaaa014.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

m. "9b4b7cd2-3953-4036-ad59-ed57c0ee06f2.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

n. "b7486571-6a63-4c5b-b150-502cb71ed423.jpg," a graphic image file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area; and

o. "8dadb11c-308e-4283-a79c-00353cfc8a90.mp4," a graphic video file that depicts, in part, a minor female in a lascivious exhibition of her genitals and pubic area and masturbating.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT III
## [18 U.S.C. §2252A(a)(5)(B)]

The Grand Jury further charges that:

10. The allegations contained in paragraphs one and two of Count II of this Indictment are incorporated by reference as if fully set forth herein.

11. Between a date unknown and on or about June 29, 2022, within the Eastern District of Missouri and elsewhere,

**CARL HART,**

the defendant herein, did knowingly possess material that contained images of child pornography that were produced using material that traveled in interstate and foreign commerce, to wit, a Samsung Galaxy Note9 cellular telephone that was produced outside the State of Missouri and therefore traveled in interstate commerce, and said cellular telephone contained child pornography, including, "107928863_104679.jpg," a graphic image file that depicts, in part, a collage of images,

of which some images depict prepubescent minors engaged in oral and sexual intercourse.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(5)(B) as set forth in Counts I and II of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. Samsung Galaxy Note9, Model SM-N960U1 cellular telephone, 1483155727, and red case;

    b. Motorola XT2163DL Cellular Telephone, 356676303114224; and

    c. Seagate 2GE4V583 External Hard Drive and Power Cord.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

6

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____

CHRISTINE H. KRUG #42586MO
Assistant United States Attorney