**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CR-692 RLW |
| CARL HART, | ) ) ) | |
| Defendant. | ) | |

## ORDER SETTING TRIAL PROCEDURES IN CRIMINAL CASES

In order to administer the trial of the above-captioned criminal case in a fair, just, efficient, and economical manner:

**IT IS HEREBY ORDERED** that the **Jury Trial** in this matter as to Defendant is set for **Monday, April 24, 2023, at 9:00 a.m.**

**IT IS FURTHER ORDERED** that any request for continuance of the trial of this matter shall be made in writing and filed with the Clerk of Court. At the time of any request for continuance by Defendant, Defendant shall present to the Court a fully executed Waiver of Speedy Trial.

**IT IS FURTHER ORDERED** that the prosecutor and counsel for Defendant(s) are directed to comply with each of the following procedures and requirements.

1. Disclosure of All Parties Potentially Entitled to Restitution

No later than ten (10) days from the date of this Order the prosecution shall disclose the identity of all individuals and all non-governmental entities which may be entitled to restitution as part of any possible sentence in this matter.

2. Trial Schedule

Times for starting and adjourning the trial day will be announced at the start of trial. Court will begin promptly and the jury will not be kept waiting. The Court will be available to resolve preliminary matters 15 minutes prior to the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day. Trial time and jury time will not, however, be lost. In particular, counsel are warned not to raise preliminary matters at the start of the trial day when the jury and all others are ready to proceed.

      3.      <u>Jury Selection</u>

The Court will ask the panel members some preliminary voir dire questions, but voir dire will be conducted primarily by counsel. The amount of time permitted for counsel's voir dire questioning will vary based on the case.

Any requests for voir dire questions to be asked by the Court should be submitted in writing no later than seven (7) days **prior to trial**. Questions submitted less than seven (7) days prior to trial may not be considered, in the Court's discretion.

Panel members may answer questions involving sensitive information (such as those related to medical problems, excuses, past criminal record, experiences as a victim of crime, etc.) at the bench. At that time counsel may pose brief follow-up questions to those asked by the Court.

After voir dire is completed the jurors will be excused before counsel will be heard on strikes for cause or otherwise.

Strikes for cause will be heard at the end of all questioning of the jurors. The Court will first indicate those it believes are disqualified and hear any objections from counsel; thereafter, counsel's strikes for cause will be heard and ruled on.

      4.      <u>Motions in Limine</u>

Motions in limine are encouraged with respect to legal or evidentiary matters that the parties reasonably expect to arise during trial. Motions in limine must be filed at least seven (7) days prior to trial and <u>must include a statement of good-faith effort to resolve with opposing counsel discussed *in person* or *by telephone*</u>. The Court will consider motions in limine filed less than seven (7) days before trial only upon a showing of good cause.

      5.      <u>Exhibit Lists</u>

Mark for identification all exhibits to be offered in evidence at the trial (prosecution to use Arabic numerals and defendant to use letters, e.g., Govt-1, Deft.-A, or Deft Smith-A, if there is more than one defendant), and deliver to opposing counsel and file with the Clerk a list of such exhibits, identifying those that will introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record or data whether the proponent seeks to authenticate the records or data by affidavit, declaration, or other appropriate certification pursuant to Fed. R. Evid. 902(11)–(14).

      6.      <u>Witness List</u>

Counsel are directed to deliver to opposing counsel each evening (and preferably earlier) a list of witnesses counsel anticipates calling the next trial day. The Court strongly encourages the parties to produce all Jencks Act and <u>Brady</u> material at the earliest opportunity, particularly if the materials are voluminous. That said, a party will not be absolutely bound by the list in calling its witnesses because, on occasion, a party may desire in good faith to change an intended order of

proof, it becomes necessary to call a witness out of turn, etc.  In addition, security concerns may justify non-identification of witnesses until they are actually called.  These concerns should be brought to the Court's attention in camera when the witness list, including those names, is delivered to counsel.

      7.      Rule 404(b) Evidence

If the prosecution expects to introduce Rule 404(b) evidence it must file a notice of its intent to do so no later than seven (7) days prior to trial.  The notice shall include a brief summary of the proposed evidence, identifying the specific elements of Rule 404(b) under which the prosecution intends to introduce the evidence, and the proposed jury instruction to be read before the introduction of any such evidence.

      8.      Jury Instructions

    A. Timing:  The prosecution shall file a complete set of proposed jury instructions at least seven (7) days prior to trial.  Defense counsel shall file proposed instructions the Friday before trial starts.  Before the start of trial, the parties must email a copy of the instructions in Word format to the Clerk at: MOEDml_Team_RLW-MTS-NCC@moed.uscourts.gov, or deliver a Word copy to chambers on a USB drive or similar.  Additional instructions may be substituted at the close of the evidence.

    B. Form:  The 8th Circuit Model instructions must be used when possible and must be used for basic introductory and boilerplate instructions.  If Devitt & Blackmar or Federal Jury Practice and Procedure instructions are requested, parties should submit instructions from the most recent edition.

    C. Clean Copies:  Each side shall provide the Court with: (a) a clean copy of each proposed instruction; and (b) a copy stating who submitted it and citing the authority on which it is based.  The Court will deliver the final instructions after closing arguments.

      9.      Recordings to be Used at Trial

If there are audio recordings to be used in this case, counsel for both sides shall meet to resolve any dispute concerning any alleged inaccuracy of the transcripts and the recordings.  If it proves impossible to resolve the dispute, counsel shall advise the Court in writing at least seven (7) days before trial so the issue can be resolved prior to the start of trial.

      10.      Evidentiary Objections

**NO EVIDENTIARY OBJECTIONS SHALL BE ARGUED IN THE PRESENCE OF THE JURY, ALTHOUGH COUNSEL MAY STATE A ONE-WORD OR ONE-PHRASE GROUND THEREFOR.**  Counsel must state the legal basis for their objection in a word or, at most, a phrase without elaboration or argument (unless called to the bench).  Bench conferences during trial are discouraged.  For purposes of "protecting the record" and assisting the

Court of Appeals, counsel may explain their positions and the Court may explain its ruling on the record after the jury has been excused for a scheduled break or for the day.

    11.    <u>Direct and Cross-Examination</u>

On direct or cross-examination of a witness, counsel shall not:

    A.    be allowed re-cross-examination of any witness;

    B.    testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence;

    C.    use an objection as an opportunity to argue or make a speech in the presence of the jury;

    D.    show to the jury a document or anything else that has not yet been received into evidence; or

    E.    offer gratuitous comments and asides about witnesses' testimony or opposing counsel.

    12.    <u>Closing Arguments</u>

With regard to both opening statements and closing arguments, the Court will intervene sua sponte and not wait for objections if it observes the failure to adhere to basic legal principles. In closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the passions or prejudices of jurors. Moreover, during closing arguments and throughout the trial, counsel shall not:

    A.    comment adversely on the failure of any defendant to testify on his or her own behalf;

    B.    make statements of personal belief to the jury or express belief in the credibility of any witness;

    C.    make personal attacks on other counsel in the case;

    D.    appeal to the self-interest of the jurors; or

    E.    make racial, political, or religious comments.

Failure to abide by these rules may result in the imposition of severe sanctions.

13. <u>Multiple Defendant Cases and Trial Objections</u>

From the moment the case is called for trial, any objection, motion, or other application for relief made by any defense counsel, orally or in writing, shall be deemed to be adopted and joined in by every other defendant, respectively, without the need for any announcement by counsel. Thus, it is unnecessary and improper for counsel to rise to "join in" an objection or motion. Instead, counsel should rise to be heard **only** for the purpose of expressly opting out of another defendant's objection or motion. Similarly, the Court's rulings on defense objections and motions shall be deemed applicable to each defendant unless otherwise stated at the time the ruling is made.

14. <u>Contact with Non-Party Witnesses During Trial</u>

Except for a defendant-witness (because of Sixth Amendment implications) and the designated party representative for the prosecution, or by leave of Court, counsel calling a witness to testify should have no further discussions with that witness concerning the case or any aspect of the testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect examination. At all other times during the trial, counsel may pursue discussions with their witnesses, within the bounds of governing ethics and the law.

Failure to comply with any part of this Order may result in the imposition of sanctions.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>15th</u> day of March, 2023.