| | | | |
|---|---|---|---|
| Case Name: | USA v. Carl Hart | Conviction Date: | 06/05/2023 |
| Docket#: | 4:22-cr-00692 | Request Date: | 06/27/2023 |
| LeopardTight (formerly called Cait) | | | |

## Guidance for Use of Victim Impact Statement

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.
2. Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
    a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.
3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
    c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.
4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| | |
|---|---|
| Case Name: USA v. Carl Hart | Conviction Date: 06/05/2023 |
| Docket#: 4:22-cr-00692 | Request Date: 06/27/2023 |
| LeopardTight (formerly called Cait) | |

To: Whom this may concern,

What has happened to me has affected my life dramatically. Everyday I get reminded of it, by hearing it on the news and just knowing people like that out there scares me to death. It has made me more aware of my envirnment and the people around me knowing that some sick person is looking at me on the computer everyday in a way that no one should look at a kid makes me feel violated, it gives me the jeebers, and it makes me want to throw up. I don't think I would be as normal to day if it wasn't for my step-mom and father. My father is probably the most protective father in the United States. But im very thankful for that because its going to help me in my future. Inside im really hurt. I am a real person and im not speaking for just me, but for every kid out in the world. I would do anything to make sure that one less kid gets hurt. And I always will.